Case No. 17-2472. Premier Auto Finance, Inc. v. The Illinois Independent Tax Tribunal Act. Michael Nguyen, co-host on behalf of Premier Auto Finance, the appellant. This is an administrative review of a tax tribunal decision on de novo review. This was a decision on cross motions for summary judgment. The issue is whether a person that makes short-term loans to businesses to allow them to purchase insurance policies is classified as a sales finance company and therefore is a financial organization for purposes of the Income Tax Act. The contention of the parties, our contention, or the definition of a sales finance company first in the Act is that it must be a company that is making loans for the express purpose of funding purchases of tangible personal property or services. So it's a binary definition, just those two things. We contend, Premier contends, that insurance, we make loans to purchase insurance policies, and insurance is intangible property and therefore that we're not a sales finance company because we're not financing purchases of tangible personal property or services. The department contends, and the tribunal below agreed, that insurance is a service. It's a matter of statutory construction, so we go to the Act first. And the General Assembly in the Income Tax Act told us exactly how it wanted us to interpret it. It did it at the beginning of the Act and at the end of the Act. At the beginning of the Act in Section 102, it tells us that if there is an undefined term, before you apply any rule of construction, they want you to go to the Internal Revenue Code and give the same meaning as it would have in that code. So if it's an undefined term, that's where you would go before doing anything. At the end of the Income Tax Act, if you read that bar, at the end it says, here's some definitions. And before we go into the definitions, it says these are to apply where not otherwise distinctly expressed or manifestly incompatible with the intent of the Act. So the General Assembly is telling us here that it is perfectly comfortable with rejecting an interpretation that may exist in another Illinois Act if it is manifestly incompatible with the Income Tax Act. It is perfectly comfortable with rejecting an ordinary and plain meaning of a term, if you arrive at that conclusion, that is manifestly incompatible with its intent under the Act. So that undermines the fundamental premise of the Department of the Treasurer's decision, which is that insurance, once it was defined as a service for consumer protection purposes, was always going to be a service. The General Assembly rejects that right up from the get-go. It allows to have a different meaning. If it's incompatible with the Act, they will reject it. So the undefined term is insurance, the first one. It appears 90 times in the Income Tax Act, but it is not defined. So we go to the Internal Revenue Code, and we find a few references to it. In footnotes 10 and 12 of our reply brief, we set some of these sections. Section 197, which deals with amortization of goodwill, and certain other intangibles. There's a Treasury regulation, which we said in our brief, 1.197-2, which says that insurance in force is considered a customer-based intangible. So it's classified as an intangible for the Internal Revenue Code purposes. So following the direction of the General Assembly, we go back to Section 102. We say, well, it's not defined in the Act. We have to give it the same meaning. So it's an intangible for purposes of the Internal Income Tax Act. We also refer you to the Internal Revenue Code, Section 351 in those two footnotes, which deals with the recognition of gain or loss when you exchange property for stock. And there's a revenue rule on this side there, 94-95, in which the Treasury ruled that a transfer of insurance in minority contracts in exchange for stock is a transfer of property, which does not cause recognition of gain or loss to the taxpayer. Following the same rule, we go to Section 102. We go, well, it's not defined. It's treated as property in the Internal Revenue Code, so we're going to treat it as property that way. And therefore, we're not going to cause an internal taxpayer to recognize gain or loss because we're following the same rules the federal government is. And that's the overriding intent. When we look at the tax revenue decision in the department's position, which then says, well, look at the definition of a sales finance company, and it says, if you make a loan for the express purpose of purchasing services, and you now classify insurance as a service, you now have something that is manifestly incompatible with the intent of the General Assembly in Section 102 because it is manifestly incompatible with the way insurance is defined or the meaning that insurance is given under the Internal Revenue Code. So already we know that there is doubt as to whether that interpretation is correct because it seems in direct conflict with the treatment under the Internal Revenue Code. Should we begin with the interpretation of what service means? I mean, it seems that both sides are in agreement that insurance is not tangible property. Correct. So the other alternative is, or does it fit within service? Right. So how do we define service? Unlike the department that says it must be a service for all purposes, we're not telling you that. If the General Assembly thought it was a service for some, then that's fine, but not for the Income Tax Act. If you look at the service of an insurance company, the tax tribunal below said, well, the service is to pay at the end when you have a loss. That's not really complete because one of the services an insurance company does if you want to look at a service is to look at your risks, look at you and say, we think that we as an insurance company can make a better deal than that company and offer you a better package, and so we're going to offer you these terms to insure you. So if you want to call that a service, they did that. That service produced a policy that is intangible property. I now have a policy that has value intrinsic to itself. I can now drive a car because of that policy. I can now have business invitees in my home or in my place of business. That policy has value even if I never suffer a loss, even if the service that the tax tribunal said is the reason for this never occurs because I never have a loss. That service, you recall, that created intangible property, and if we finalize the purchase of that bundle of rights, that is the policy, that's all we're doing. Okay, I'm looking at it higher up a little bit. Okay, so your contention is that it's an intangible property. Correct. The other side seems to be saying it's a service. The terms, are there any definitions that we should look at for what intangible property is and what a service is under the tax code? Well, under the tax code, Section 102 would tell you to look at federal, if they have not defined it, look at federal definitions. And we gave you those two sections that treat it, give it the meaning, define it as intangible property. So the general assembly told us that's the meaning they would want you to apply. To insurance. To insurance because they classified it as intangible property. They classified it as intangible in Section 187. They classified it as property in Section 351. So it is for tax purposes, and the only tax is based on the federal, so it's important to have a parity of meaning in important terms. That's where they want you to look. Can I ask you a question? There are several Illinois statutes, 30 ILCS 5754F, concerning the award of state contracts. And in there they refer to insurance as insurance services. In 415 ILCS 13545, which describes the handling of passive premiums, they refer again to insurance services. And finally, in 205 ILCS 548.2, when they talk about prohibiting certain banking activities, some of the language in there also says including insurance services. Aren't those definitions of insurance as service in those three statutes? Well, they're in other statutes for other purposes. And the general assembly has told us in 1501A that it will reject meanings that are incompatible with the Income Tax Act. And if you were to adopt those meanings, which may be perfectly fine for those purposes, they may be perfectly fine for the purpose of all those statutes. If you were to adopt those meanings, let me give you the example of the company that had no gain when they exchanged insurance for stock. It didn't have a gain federally. If you were to now say, well, now we have a decision that says that insurance is a service, I guess that taxpayer that didn't have a gain for federal tax purposes now may have a gain for Illinois purposes, because we're not defining it the same. And that's the kind of doubt that the general assembly did not want to have taxpayers to have when they're preparing their returns and arranging their tax affairs. Should we look at the policy as separate to entities that may be engaged in either selling insurance, you know, brokering insurance, or adjusting claims in insurance, underwriting and analyzing and underwriting? So are there elements of the insurance industry that generally could be services, but what we're looking at here is the policy? So, yes. I mean, you could take, for certain purposes, let's say a conservative party could look at the entire thing as a service because you want to protect consumers. That's fine. In the Income Tax Act itself, when we determined how taxpayers distribute their income among the states, the act defines income into tangible personal property, services, or intangibles. It also has a separate section just for insurance companies. Insurance companies divide their income according to their premiums. So if the definition is correct that services includes insurance, why did the general assembly create another category specifically for insurance companies? There's something different about it, different enough to give a different treatment. The other reason is if you look at Section 51, the definition of financial organizations, when it was passed in 1969, the 1501A.8. A is still in the statute. It's the original 1969 definition. It's 17 terms, one of which includes sales finance company. There's no restrictions on revenue that you have to have. There's no restriction on activities you have to have. In the year 2000, the legislature amended that and it defined sales finance company by putting a limitation that you must make more than 50% of your income from activities of a sales finance company, and those activities must be making loans for the express purpose of funding purchases of tangible personal property or services. So it put two limitations that were not there before. If you now read services to include intangibles, there is no limitation. The only limitation is 50% because when you have tangible personal property, services, and intangibles, that's everything the Income Tax Act taxes. So that means services and TPP are rendered superfluous. That would basically now mean that if you're in the business of making loans to purchase anything, you're not qualified as a sales finance company. That expands the definition of sales finance company, and when you look at the Act for 2000 when they amended it, it was clear the intent was to limit the number of people that could be a sales finance company. So to give it that expansive definition makes you wonder whether that is the definition that was intended by the General Assembly. If you look at rules of construction for tax statutes specifically, we said this in our brief, if there's any doubt, any doubt whatsoever on the interpretation of a tax statute, and in this case we're talking about a definition, not an exemption, not a deduction, that doubt goes in favor of the taxpayer. The rules of construction are clear on that. So if there's any doubt that services should not be so broad here as it is in other Acts because of Section 102 and the implications of the Federal Tax Act, then that doubt should be resolved in our favor. I will reserve the remainder of my time for rebuttal. Okay, just before you step up, if you were to write this decision, it appears to me that you're saying that if the terms are undefined and we have undefined terms as to service and insurance, that we have to reject other definitions given what in other statutes or in common law if they're incompatible with tax code and that we interpret the tax code in favor of the taxpayer as a result? Well, that's correct. But I start with the very basic rule of statutory construction. I read the very first section of the Income Tax Act, and before I apply any construction rule it tells me, go to the Internal Revenue Group, figure out how it's treated there. And that's the preeminent rule of construction. So anything else that's incompatible with that later on has to create some doubt. But you put those in a footnote, those codes that you're saying. Well, there's specific references there in a footnote, but Section 102 is discussed fully as to why it was drafted that way and why the Income Tax Act starts off with federal taxable income from your federal return if you're a corporation. For us, it starts with adjusted gross income. So whatever the federal government did to get to that number automatically comes into the owner in return. So if you take a different position, that number is going to change. That's not the way the act was designed, and that's what this decision would do because you would say federally it's intangible, I have no gain in this transaction. I now look at this decision and go, well, now I'm unsure about that. Maybe I do have a gain for Illinois purposes. That's not what was intended. Okay. Thank you. Any other belief? Good morning, Your Honors, and may I please the Court and Assistant Attorney General, Abbott Singer, on behalf of the Illinois Department of Revenue Council. There are four main reasons that I want to focus this court on. The right to affirm the judgment of the tax tribunal and hold, as the tax tribunal did, that insurance is a service, properly understood, rejecting Premier's theory that it's an intangible item of personal property. First, categorizing insurance as a service is wholly consistent with the appellate court's decision in five different cases, as we've cited the A.B. Dick case, the Fox, Elder, and Peterson cases from the First District, and the Lange cases. In addition, as Justice Lankin pointed out, and as we cite on page 10 of our brief, the Illinois statutes in sections involving banking and the award of state contracts consider insurance to be a service. And then the- Because they use the term insurance services? Yes, as opposed to- The policy itself? Well, the policy as written by a provider of insurance, which exists in a world of finance companies like Premier. The financing is not being given to insurance companies or insurance agents or insurance brokers. It's being given to the purchaser of a policy. So don't we want to look at what the policy is? Well, no, I think we need to have a consistent understanding across all areas of law, to the extent possible, that it deems insurance to have one meaning, not one meaning in one place and another elsewhere. In the insurance code itself, which perhaps could be an ultimate source, nowhere in the entire area of the code, as I've read it, refers to insurance as intangible property. This is a novel concept in Illinois law. But admittedly, by the same token- There's something about a service, right? That's exactly correct, Your Honor. But there's a wash at issue. There's a resolution to it as well. The second reason that I want to highlight, the provision that issues Section 1508A8C1 of the Act contains just two categories, services and tangible property. So we know that we have this bifurcated structure in this provision. Premier has conceded it's not tangible property. And while the term intangible property does appear in the apportionment statute, which is Section 304, that's not dispositive because there itself intangible property does not include insurance. It refers to copyrights, patents, trademarks, what's missing, insurance. The third reason is, and this may be what this Court's decision will hinge on ultimately, the Illinois Supreme Court has held in multiple cases that reviewing courts defer to agency knowledge and expertise even on de novo review. So we're faced with competing sources of authority. Our research turned up a number of definitions of insurance as a service. They found otherwise. The tribunal, which has jurisdiction over income questions, was well within its authority to resolve this issue and hold that insurance is more like a service than anything else. And that requires a degree of deference. And the fourth- Okay, let me just stop you there. And I don't know if you want to use those words. That it's more like a service than anything else. Yes. Is that the standard when they're saying that we should strictly construe the tax code in favor of the taxpayer? So to be sure, in questions where tax terms and statutes are undefined, outside of the exemption area, the law favors the taxpayer when there's ambiguity. But that doesn't override the principle of judicial deference in cases such as Citibank and landowners that tell us that even on de novo review, an agency's determination is entitled to slightly less precedential value than case law itself. So the tax tribunal confronted this array of cases and authorities going both ways and came out in favor of services being akin to insurance. What if the analysis is a little, you know, what if we disagree with the analysis? I mean, I don't see you advocating that it's an intangible service, which is what seems to have been the agency's determination. Well, I disagree with how Premier has characterized the tribunal's decision. They've sort of overemphasized this idea of an intangible service. That phrase actually appears only three times in the 11- or 12-page decision. What the tax tribunal was trying to decide within the confines of 1501 AC8I is whether or not, is it a service or is it property? And as an illustration, the tribunal characterized insurance as an intangible type of service, not a service that produces a result that you can touch, something like a musical performance. But the tax tribunal did not create a brand-new category. There is no such category as intangible service in these statutes. I'd like to focus on a point that Premier has emphasized this morning, that the end-all and be-all here is federal tax law. It's true that Section 102 of the Act says this. When a term is ambiguous, any term in this Act shall have the same meaning when used in a comparable context in the United States. Internal revenue code. So the question is whether the term we're talking about is services, if there's any definition of services as being the equivalent of insurance. And below the tribunal, they cited two sources of federal law that the tribunal held were inapplicable and now on appeal. They've cited additional sources, including the ones that you mentioned, Your Honor, in footnote 10 on page 14 of the reply brief. But again, yes, those cases analogize insurance to intangible property, not necessarily in the sales finance context, I don't think. But there's also, maybe not particularly helpfully, there's federal tax law that holds that insurance is a service. I found a case. I found a tax court decision. We didn't cite it in our brief. Insurance is a service. So the cases, the authorities go both ways. And I want to talk about how to weigh those authorities. Premier contends that the People v. Wicks case, which we cited, is inapplicable because the term used in two different portions of one section of the criminal law were under the same aegis of criminal law. But that is a bit of a narrow read of the principle that we're talking about here, which is that terms that exist in different parts of two different statutes, be it in criminal law or in civil law, must be interpreted harmoniously. We cited the Price Hospital case in our brief. That case involved the interpretation of two different acts, the Illinois Comprehensive Health Insurance Plan Act and the Illinois Health Finance Reform Act. The court noted that you have to use caution when looking to one section of the ILCS for an undefined term and using case law to define the same term in another section. The court held we recognized the limitations in important definitions. But in their next sentence, they said, however, we may presume that the legislation in drafting the language of one provision was aware of the construction and use of the term in another section. So that principle allows this court to look at such areas as consumer protection, which, to be sure, is a different area of the law as income tax. But the overriding purpose of any law is to enact, effectively, good public policy. And under the consumer laws, companies owe duties of honesty and forthrightness to consumers. And under the tax law, taxpayers have duties to the state, to other taxpayers, and, yes, to consumers. I have yet to really understand the essential premise in their argument that the definition of insurance in the consumer protection laws in banking and state contracts is manifestly incompatible with the definition of insurance as a service here. We have five different divisions of this court. We have 15 justices in three districts holding that insurance is like a service in the statutes that we cited on page 10 as well. I'd like to talk briefly about- There isn't a lot of analysis, in fact, that seems to be the case that generates some of these other cases, other than the statement that it's clearly a service. I guess the clearly is the analysis. It's true. There's not a detailed analysis or even a great deal of explanation of Your Honor's question earlier defining service. But service is the provision of something of value that we hate to define things in terms of not, but there's no good produced. We've written about how you can talk to an insurance contract and it can be torn out. I think it's torn up and signed. It's still valid as I recall my contract law. But just briefly on a couple of points, the Wendy's case that we cited does not stand for the proposition that they cited, rather. It does not stand for the proposition that insurance is an intangible property. It holds only that insurance, and recently we were talking about a capital insurance company within the Wendy's fast food conglomerate, that insurance is a contract. But that's not the end of the analysis. That's the beginning. Contracts can be for services and for goods as well. Can I ask you this question? Perhaps because there's this, you know, there's case law on either side and we're having this discussion, if you will, about what it is. Is it possible that a policy of insurance has elements of both? Council earlier argued that it has value, you know, in receiving the policy you have certain value even if it's not paid out on. So could that aspect of the policy be considered intangible property, but yet if it's paid out, you know, there's certain elements of it that also are providing a service. And if it is both of these things, then what do we do? It is a hybrid. It is its own unique area of law. The International Monetary Fund deems it other. In terms of financial instruments, the Unclaimed Property Act, which they cited in their opening brief, refers to it as intangible property. But their very citation of that undermines their key notion that you can't look to the consumer laws or banking laws or other areas as informed sources for defining insurance. But I'd like to focus on the Act itself, another section that we didn't talk about in detail. The Income Tax Act. Yeah. No, no, the Income Tax Act. I'm sorry. Yeah, 35 ILCS 5304, which is the apportionment statute. They argue that this dictates, this area dictates that insurance is an intangible property. It doesn't. Nowhere does it define insurance as intangible property. There are two provisions here. There's an entire subsection on insurance. There's an entire subsection on intangible personal property. These are in 5304A3. The insurance section does not conclude intangible, that insurance includes intangible personal property, and the separate intangible section doesn't mention insurance. And as I mentioned, the intangible section illustrates what intangible property is by talking about patents, copyrights, and insurance. Now, those two sections, 304 and 1501, are not mutually incompatible. There are services mentioned in the apportionment section as well, such as sports teams and athletic trainers who provide services. So something can appear, a type of service or product can appear in Section 304 and be imported into our frame of analysis in Section 1501 and be deemed a service. I want to conclude with, again, this notion that agency determinations are not entitled to any weight. I mentioned before we cited the Citibank case and the Landowners case. There are many others that explain that the tribunal's decision is entitled to substantial deference. I don't understand the basis for Premier concluding otherwise. They've focused on something that's quite irrelevant involving agency's interpretation of regulations, but that's not what Citibank and Landowners hold. The United States Supreme Court citation that they include is misplaced. There's no constitutional questions in this case, and federalism makes this appeal a state law question only. So at the end of the day, we really have a wash. We have different authorities that are compelling but not dispositive. We have federal courts of appeals decisions that go both ways. We have other jurisdictions, other states, that have deemed insurance to be a service or an intangible item of property, and we now have federal tax sources that go both ways. But we have in Illinois appellate court decisions and ILCS provisions that deem insurance to be a service, and under the Citibank case and Landowners, that finding is presumptively correct, and we would therefore ask that you affirm. Thank you. Thank you very much. Liz Files. I want to address the question of deference because it's almost an admission that it's because we said so, not because we're right. The question of deference, if you look at the Citibank case, which she cites, it says the Supreme Court said that in an instance, the court will give substantial written deference to an interpretation of an ambiguous statute. By the agency charged with administering and enforcing that statute, but only when you have a contemporaneous, consistent, long-continued, and in concurrence with legislative acquiescence policy. The tax tribunal does not administer any tax law. The tax tribunal was carved out of the department and made an independent adjudicated body to be a fact finder. It does not administer any tax law. It has no deference whatsoever that is due to it for creating any type of policy. It is an adjudicated body. Secondly, the Department of Revenue is asking you for deference to their litigation position. They have not cited to you a single regulation, a single case, a single letter written to the department where they took the position that insurance was a service. In fact, we cited to you a general information letter, which we're not citing as a theory. We're citing it as a fact that the department had a general information letter that said that your client sells insurance, which is an intangible property. So they are speaking out of both sides of their mouth, and neither one is entitled to deference. But if there is doubt as to which one to believe, then it should go in our favor. Secondly, they argue that there are so many statutes that are inconsistent in that they treat insurance as a service. Well, the General Assembly is presumed to know what the statutes say, and it's also presumed to know the interpretation of the statutes. It included the language in 1501A that said you give this meaning unless it is manifestly incompatible with the Act because it knows there's going to be inconsistent positions. The main position it wants is consistency with the Internal Revenue Code, and that's expressed in Section 102. So the fact that there are other state statutes was known to the General Assembly, and it's probably the reason why they said we understand there will be other positions. They just can't be incompatible with that. With regard to the apportionment provisions that are mentioned, yes, there's Section 304A.3 is primarily the one that distributes income among the states for most taxpayers. And it mentioned to you it includes services, tangible personal property, and intangibles. But the fact that that does not have the word insurance in it is the reason why Section 102 exists. Section 102 says the General Assembly is perfectly cognizant that it did not define every word in this statute. So if you find that word, and we find insurance 90 times in this statute, you go to the Internal Revenue Code. So the fact that it is not there is not a demerit, so to speak. It merely says the General Assembly was relying on other interpretation, the federal interpretation, and was perfectly comfortable with that. With regard to building on that, then with regard to people versus work, which we criticize their reliance on it because it was a paramateria case because both of the acts are being compared within the criminal code. Well, we're far from the criminal code in this case, and the General Assembly, as I mentioned, recognized that you could have a different treatment for this than you would for that. And that is perfectly reasonable. Unlike the Department, we're not arguing that you have to have our position be the law of Illinois for every purpose. But we are saying the General Assembly gave plenty of clues in the Income Tax Act, and the tax review missed every single one of them. Did not look at 102, did not look at 1501A, did not explore whether giving that meaning to services, which basically encompasses everything, tangible, personal property, services, and intangibles, would basically, you know, the exception is always out the rule because now everybody qualifies to be a sales finance company. And clearly that was not the intent of the General Assembly. So if there is doubt, again, the risk instruction in the tax statute would say that that doubt has to go in our favor. And the tax review should have considered that. But I think if the Department has to rely on deference, there is no basis for deference on anything. If they cannot point you to a regulation, to a ruling, to a case, the only case that deals with the insurance company is the Wendy's case. And in that case, the only law that was applied was federal law, federal tax law, to define what was an insurance. And the essential nature of insurance was the transfer of risk, the allocation of risk and the distribution of risk. If you even go so far as to say that the Department, as Mr. Adams said, that this is a hybrid, well, if it's a hybrid, it's capable of having two categories. And the General Assembly said, for this purpose, it's going to have the intangible property category, not the service category it may have elsewhere. So, again, I believe that it is clear what the General Assembly intended. I believe if there is any deference to be had, it is the Internal Revenue Code. And that's what the General Assembly told us. And if you have any doubt about that, it should go in favor of the taxpayer. Thank you. Okay, thank you both very much. The case will be taken under advisement.